IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION
_____

TESS L. SAUNIER,

                                CAUSE NO. CV 08-37-M-DWM-JCL

        Plaintiff,

 vs.

                                FINDINGS AND RECOMMENDATION
                                OF U.S. MAGISTRATE JUDGE

AETNA LIFE INSURANCE COMPANY,

        Defendant.
_____

## I.  INTRODUCTION

Plaintiff Tess L. Saunier instituted this action in the Montana Eleventh Judicial District Court, Flathead County by way of complaint filed February 4, 2008.  Saunier's complaint alleges that as a benefit of her employment with Costco, Inc. she "purchased a health insurance policy" from Defendant Aetna Life Insurance Company ("Aetna").  The operative allegations of the complaint assert that Aetna wrongfully denied her claims for benefits under the referenced policy.  Saunier's complaint advances the following two claims for relief: (1) breach of contract, and (2) violation of the Montana Unfair Claims

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 1

Settlement Practices ("UTPA"), Mont. Code Ann. §§ 33-18-201 *et seq*.

Aetna timely removed the matter pursuant to 28 U.S.C. § 1441(a) invoking the original jurisdiction of this Court under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and specifically 29 U.S.C. § 1132(a)(1)(B). Aetna takes the position that the health insurance benefits to which Saunier claims entitlement are provided by Costco, Inc. through an employee welfare benefit plan governed by ERISA. Accordingly, Aetna asserts that the claims advanced by Saunier's complaint, both of which are predicated upon Montana substantive law, are completely preempted by ERISA which provides a basis for removal to federal court. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (upholding ERISA preemption as a ground for removal).

Presently before the Court is Aetna's motion requesting the Court to dismiss Saunier's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Review of the record reflects that Saunier has not filed a brief in response to Aetna's motion to dismiss. In accordance with Local Rule 7.1(I) Saunier's lack of response is deemed an admission that the motion is well taken and that it be ruled upon summarily. For the reasons detailed below, and in light of Saunier's admission, Aetna's motion to dismiss should be

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 2

granted.  The dismissal, however, should be without prejudice and Saunier granted leave to amend her pleading to assert claims under ERISA's civil enforcement provisions.

## II.  DISCUSSION

A claim may be dismissed under Rule 12(b)(6) because it either asserts a legal theory that is not cognizable as a matter of law, or because it fails to allege sufficient facts to support an otherwise cognizable legal claim.  *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).  In addressing a Rule 12(b)(6) challenge, the Court accepts all factual allegations in the complaint as true and construes the pleading in the light most favorable to the nonmoving party.  *See Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).  "[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."  *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1196 (9th Cir. 1998) (quoting *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)).  In this regard, a pleading which expressly advances only state law claims, which are completely preempted by ERISA, should not be dismissed without first considering whether the relief is available under ERISA if the pleading sufficiently states a claim

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 3

cognizable under ERISA.  *See Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995).

    The "health insurance" benefits to which Saunier claims entitlement are, as acknowledged in her complaint, health care benefits provided through her employer Costco, Inc.  Aetna asserts Costco, Inc. provides health care benefits to its employees, including Saunier, through a self-funded employee welfare benefit plan governed by ERISA and for which Aetna acts as the "claims administrator".  As previously noted, Saunier's lack of response to these assertions is deemed an admission on her part that the assertions are well taken.

    Aetna has submitted the affidavit of Ms. Debbie Dexter, a senior account executive with Aetna, to which is attached pertinent excerpts from the Summary Plan Description of the Costco benefits plan.  According to the Dexter affidavit, Aetna acts as the "claims administrator" for the Costco plan pursuant to an Administrative Service Contract between Aetna and Costco, Inc.  The Court has considered the Summary Plan Description of the Costco benefit plan in addressing Aetna's Rule 12(b)(6) motion to dismiss.  The Court does not consider the Summary Plan Description to be extrinsic evidence that would operate, under Rule 12(b), to convert the Rule 12(b)(6) motion to a motion for summary judgment under Rule 56.  The allegations of the complaint sufficiently refer to the Costco benefit plan although

erroneously identified as an "insurance policy" purchased from Aetna.  Saunier's reference to the benefit plan is sufficient to allow the Court to consider the Summary Plan Description without converting the motion to dismiss to a motion for summary judgment.  *See e.g. Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  Additionally, Saunier's lack of response is properly deemed an admission that the Summary Plan Description is an authentic document which can be considered by the Court as an exception to the conversion requirement.  *Swartz*, 476 F.3d at 763.

Ordinarily, the existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding circumstances from the point of view of a reasonable person.  *Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 491-92 (9th Cir. 1988).  The allegations of Saunier's complaint, the Summary Plan Description of the Costco benefit plan, and Saunier's admission that Aetna's motion is well taken establish that the benefits to which Saunier claims entitlement are benefits provided through an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1) and hence governed by ERISA.

ERISA contains a broad preemption provision which states that ERISA

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 5

>shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a).  The United States Supreme Court has held generally that a claim under "state law relates to an ERISA plan 'if it has a connection with or reference to such a plan.'" *Egelhoff v. Egelhoff ex rel Breiner*, 532 U.S. 141, 147 (2001) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)). When adjudication of the asserted claim requires interpretation of an ERISA plan, a distribution of benefits, or a dispute as to benefits previously paid, then the claim "relates to" the ERISA plan.  *Cf. Peralta v. Hispanic Business, Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005) (citing *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004)).  Generally, where an ERISA plan is in existence and the claims at issue require interpretation or construction of the plan terms or ERISA law, then ERISA preemption exists.  *Id*.

The allegations of Saunier's complaint establish that the claims she advances, although cast as claims under Montana substantive law, are claims which "relate to" the Costco employee welfare benefit plan.  Accordingly, the Court concludes that Saunier's state law claims are preempted by ERISA and appropriately dismissed.  A complaint, however, which expressly advances only state law claims, and which is completely preempted

by ERISA, should not be dismissed without first considering whether relief is available under ERISA if the pleading sufficiently states a claim cognizable under ERISA.  *See Crull*, 58 F.3d at 1391.  Because the substance of Saunier's complaint sufficiently raises an ERISA claim for benefits she should be afforded the opportunity to file an amended pleading to allege claims under ERISA's specific civil enforcement provisions.

Based on the foregoing, the Court hereby enters the following:

**RECOMMENDATION**

Aetna's Motion to Dismiss should be **GRANTED** without prejudice, and Saunier granted leave to amend her pleading.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 28th day of April, 2008.

                                        /s/ Jeremiah C. Lynch
                                        Jeremiah C. Lynch
                                        United States Magistrate Judge